```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


BRIDGET BRADLEY, ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
ROY BRADLEY, JUNIOR                                  PLAINTIFF


VS.                            CIVIL ACTION NO. 3:08CV261-TSL-JCS


THE CITY OF JACKSON, MISSISSIPPI;
JACKSON POLICE DEPARTMENT, MAYOR
FRANK MELTON, JACKSON POLICE OFFICER
L. V. GATER, CHIEF OF POLICE SHIRLENE
ANDERSON AND HER SUCCESSORS, HINDS
COUNTY SHERIFF OFFICE, HINDS COUNTY
SHERIFF MALCOLM MCMILLIN, HINDS COUNTY
SHERIFF DEPUTY A JOHN DOE, HINDS COUNTY
BOARD OF SUPERVISORS, G & K SERVICES                DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Frank Melton, Mayor of the City of Jackson, Shirlene Anderson, former Chief of the City of Jackson Police Department, and the City of Jackson Police Department to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Bridget Bradley, on behalf of the wrongful death beneficiaries of Roy Bradley, Junior, has responded in opposition to the motion, and the court, having considered the memoranda of authorities, submitted by the parties, concludes that the motion should be granted in part and denied in part.

Plaintiff Bridget Bradley filed this action alleging claims under state and federal law arising out of the shooting death of her son, Roy Bradley, Jr., by City of Jackson Police Officer L.V. Gater. According to plaintiff's complaint, on September 23, 2007, an off-duty deputy with the Hinds County Sheriff's Department made a traffic stop of a vehicle being driven by Roy Bradley, Jr. The officer determined there was an outstanding warrant from the City of Jackson for Bradley's arrest for unpaid parking tickets. The deputy arrested Bradley, handcuffed him and placed him in his Sheriff's Department vehicle, then radioed the City of Jackson Police Department to respond to the scene and take custody of Bradley. Jackson Police Officer L.V. Gater arrived at the scene, took custody of Bradley, handcuffed him and placed him in his police vehicle. The complaint alleges that after departing the Sheriff's Department, Officer Gater removed Bradley from the back seat of the vehicle and removed one of the handcuffs to obtain Bradley's signature on some document. Officer Gater claimed that upon removing the handcuff, Bradley attempted to grab the officer's weapon, whereupon the officer shot Bradley four times in the abdomen and chest, allegedly in self-defense, fatally wounding Bradley.

Plaintiff filed suit under 42 U.S.C. § 1983[1] and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq.[2] Plaintiff alleged state law claims against Gater and the City of Jackson for assault and battery, negligent and/or intentional infliction of emotional distress and wrongful death. She charged that Gater's actions also violated her decedent's constitutional right to equal protection and due process, and amounted to excessive force and cruel and unusual punishment. She further alleged federal claims against the City of Jackson, the Jackson Police Department and Police Chief Anderson and her successors, charging that they negligently and/or wantonly failed to adequately train and to supervise Officer Gater; that they "acted with reckless disregard for the safety, life, liberty and security of persons by remaining silent and/or explicitly approving and/ failing to take measures to stop a pervasive pattern and practice of use of excessive force by its police officers;" and she charged that as Gater's employer, these defendants are vicariously liable for his actions under the doctrine of respondeat superior.

---

[1]   Section 1983 provides a private right of action against those who acting under color of law deprive someone of rights secured under the Constitution or federal law.

[2]   The Mississippi Tort Claims Act (MTCA) "provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit." Simpson v. City of Pickens, 761 So. 2d 855, 858 (Miss. 2000).

Defendants argue in their motion that the Jackson Police Department is not a proper party because it is not a political subdivision or legal entity in and of itself, but rather is merely a department of the City of Jackson.  Defendants are correct.  See Hammond v. Shepherd, Civil Action No. 3:05cv398HTW-JCS, 2006 WL 1329507 (S.D. Miss. May 11, 2006)(concluding that the plaintiff could not maintain an action pursuant to 42 U.S.C. § 1983 against the McComb Police Department or Pike County Board of Supervisors because the Police Department and Board of Supervisors were but extensions of the City and County, respectively, rather than separate legal entities that may be named as parties in a § 1983 action); Brown v. Thompson, 927 So. 2d 733, 737 (Miss. 2006) (recognizing that the MTCA requires that a governmental entity, including a political subdivision, be named as a defendant, unless the action is brought solely against an employee acting outside the scope of his employment, and holding that the proper defendant in a MTCA suit was the county, and not the county's sheriff's department, because the latter is not a political subdivision for purposes of the MTCA).  Accordingly, the Jackson Police Department will be dismissed, as will the Hinds County Sheriff's Department and the Hinds County Board of Supervisors.[3]

---

[3] Although the Hinds County Sheriff's Department and the Hinds County Board of Supervisors have not moved for dismissal, this court dismisses them sua sponte.

Mayor Melton and Chief Anderson argue they are not proper defendants with respect to any § 1983 claim against them in their individual capacities because the complaint does not allege that either had any personal involvement in the events leading to the death of Roy Bradley, Jr., and because they cannot be held vicariously liable for Gater's actions, see Monell v. Dept. of Social Servs., 436 U.S. 658, 691-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (supervisory officials cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability). However, there are circumstances in which a supervisory official may be held liable under § 1983 even in the absence of participation involvement in the specific constitutional deprivation.

> Without personal participation by an official, supervisory liability under Section 1983 can exist only where the official "implement[s] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" [Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)] 304 (citations omitted). See also Clark v. McMillin, 932 F. Supp. 789, 790 (S.D. Miss. 1996) (in order to prevail on claim against sheriff in his individual capacity, plaintiff "must show that he affirmatively participated in acts that resulted in the alleged constitutional deprivation, or that he implemented unconstitutional policies that causally resulted in" injury). Alternatively, a supervisory officer not personally involved in the alleged wrongdoing can be liable if he failed to train or supervise the officers involved, there is a causal connection between the alleged failure to supervise or train and the alleged violation of plaintiff's rights, and this failure to train or supervise constitutes deliberate indifference. Thompson v. Upshur Cty., 245 F.3d 447, 459 (5th Cir. 2001) (citations omitted).

5

Miley v. Jones County Jail, Civil Action No. 2:05cv2072-KS-MTP, 2007 WL 2159334, at 6 (S.D. Miss. July 25, 2007). See also Brooks v. Stringer, Civil Action No. 2:04CV120KS-MTP, 2007 WL 1087487, at 12 (S.D. Miss. April 10, 2007) (recognizing that a plaintiff may establish individual liability of sheriff by showing that he "implemented an unconstitutional policy or lack of policy" which caused the plaintiff's injuries).  Plaintiff's complaint does not allege personal participation by Chief Anderson or Mayor Melton in the events surrounding the shooting of Roy Bradley, Jr., nor has she alleged that Anderson or Melton implemented any unconstitutional policy.  However, she does allege that Chief Anderson and Mayor Melton, as policymakers for the City, failed to implement a policy to prevent the use of fatal force in the face of knowledge of a pervasive pattern of the use of excessive force. Moreover, plaintiff has expressly alleged claims against Anderson for failure to train and failure to supervise.[4]  Notwithstanding these allegations, defendants' motion to dismiss does not address any potential basis for individual liability other than the absence of an allegation of personal participation.  Accordingly, their motion to dismiss the individual capacity claims against them will be denied.

---

[4] The allegations of failure to train and/or supervise are not directed against Mayor Melton personally.

6

Mayor Melton and Chief Anderson also seek dismissal of the official capacity claims against them as duplicative of the claims against the City and hence redundant and superfluous. Indeed, since the City is already a defendant, "[t]he official capacity claims . . . are redundant and serve no purpose" such that their dismissal is appropriate. See Walton v. City of Milford, Tex., Civil Action No. 3:06-CV-2291-L, 2008 WL 631240 (N.D. Tex. Feb. 28, 2008) (citing Flores v. Cameron County, Tex., 92 F.3d 258, 261 (5th Cir. 1996)).

Based on the foregoing, it is ordered that defendants' motion is granted as to the claims against the Jackson Police Department and official capacity claims against Mayor Melton and Chief Shirlene Anderson. The motion is otherwise denied.

SO ORDERED this 5th day of June, 2008.

                                            /s/ Tom S. Lee  
                                            UNITED STATES DISTRICT JUDGE