UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRIDGET BRADLEY, ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
ROY BRADLEY, JUNIOR                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:08CV261TSL-JCS

THE CITY OF JACKSON, MISSISSIPPI;
JACKSON POLICE DEPARTMENT, MAYOR
FRANK MELTON, JACKSON POLICE OFFICER
L. V. GATOR, CHIEF OF POLICE SHIRLENE
ANDERSON AND HER SUCCESSORS, HINDS
COUNTY SHERIFF OFFICE, HINDS COUNTY
SHERIFF MALCOLM MCMILLIN, HINDS COUNTY
SHERIFF DEPUTY A JOHN DOE, HINDS COUNTY
BOARD OF SUPERVISORS, G & K SERVICES             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on separate motions for summary judgment filed by the City defendants, including the City of Jackson, its mayor and chief of police; by Officer L.V. Gator; and by G&K Services. Plaintiff Bridget Bradley has not responded to the motions, and the time for doing so is now long past. The court, having considered defendants' motions, with accompanying attachments, concludes that their motions are well taken and should be granted.

The record discloses the following uncontroverted facts:

On September 23, 2007, an off-duty employee of the Hinds County Sheriff's Department, who was allegedly engaged in

providing private security services for an area business, made a traffic stop of Roy Bradley, Jr.  Following the stop, the deputy radioed in and determined that there was an outstanding warrant from the City of Jackson for Bradley's arrest for unpaid parking tickets.  The deputy placed Bradley under arrest, handcuffed him and placed him in the deputy's vehicle, and then radioed the Jackson Police Department (JPD) to respond to the scene to take custody of Bradley.  In response, JPD Officer L.V. Gator arrived at the scene and took custody of Bradley.  After the Hinds County deputy departed the scene, Officer Gator removed Bradley from the backseat of the vehicle and removed one of the handcuffs so that Bradley could sign a form allowing him to leave his automobile at the scene rather than having it towed.  According to Gator's unrefuted testimony,[1] once the handcuffs were removed, Bradley signed the paperwork and then swung the loose handcuff and hit Officer Gator in the face, knocking his eyeglasses from his face. The two got into a struggle in which Bradley bit Officer Gator in the hand and punched him in the face, causing him to fall to the ground with Bradley on top of him, attempting to grab the officer's service weapon.  Officer Gator maintains that while being attacked by Bradley, who was grabbing for his service

---

[1] The only witnesses to the incident were Gator and Bradley.

2

revolver, he became in fear for his life and fired his service weapon several times in self-defense, fatally wounding Bradley.

Bradley's mother, Bridget Bradley, filed this wrongful death lawsuit alleging violations of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983, along with state law claims of negligent and/or intentional infliction of emotional distress and for loss of consortium against the City, Officer Gator, Hinds County, and G&K Services Co., which was alleged to be the private employer which employed the sheriff's deputy who stopped and arrested Bradley. By memorandum opinion and order of November 24, 2008, the court granted summary judgment in favor of Sheriff McMillin,[2] and now grants summary judgment for the remaining defendants.

The City defendants have moved for dismissal of plaintiff's § 1983 excessive force claim against them on the basis of plaintiff's failure to allege a custom, policy or practice of the City of Jackson which allegedly proximately caused a violation of plaintiff's constitutional rights. See Monell v. Dept. of Social Servs., 436 U.S. 658, 690 (1978) (local governmental entity liable under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and

---

[2] Bradley v. City of Jackson, 590 F. Supp. 2d 817, 819 (S.D. Miss. 2008).

3

promulgated by" the governmental entity); see also Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (holding that "[m]unicipal liability under . . . § 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom"). Plaintiff herein has neither alleged not undertaken to prove the existence of an official custom, policy or practice, and the City defendants are therefore entitled to dismissal of this claim.

In a related vein, the City defendants argue that plaintiff's putative § 1983 failure to train claim fails due to a complete lack of evidence to indicate either that Officer Gator was inadequately trained, or that any alleged inadequate training was the result of deliberate indifference by the City. See City of Canton v. Harris, 489 U.S. 378, 389 (1989) (to prevail on failure to train claim, plaintiff must prove that municipality's failure to train resulted from deliberate indifference by the municipality (or its policymakers) to the rights of the citizens with whom the officers regularly interact); see also Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003)("To satisfy the deliberate indifference prong [in a failure to train case], a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a

4

constitutional violation'") (quoted in <u>Estate of Davis v. City of North Hills</u>, 406 F.3d 375, 381 (5th Cir. 2005)). For these reasons, summary judgment is in order on plaintiff's failure to train claim.

As to plaintiff's state law claims, the City submits that it is immune from liability because, among other reasons, at the time of the incident, as established by the undisputed evidence, Bradley was in the commission of a crime, namely, assault upon an officer, which criminal activity was directly related to the officer's alleged wrongdoing. <u>See</u> Miss. Code Ann. § 11-46-9(c) (providing that a government entity shall not be liable for any claim "arising out of any act or omission of an employee . . . engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in disregard of the safety and well-being of any person not engaged in criminal activity at the same time of the injury"); <u>Estate of Williams v. City of Jackson</u>, 844 So. 2d 1161, 1165 (Miss. 2003) (provision does not protect municipality where "the fact that the [plaintiff] is engaged in a criminal activity is merely fortuitous and has no relation to the transaction out of which liability would otherwise arise"). Plaintiff has offered no argument or proof to the contrary and therefore, the court concludes that summary judgment is proper as to plaintiff's state law claims.

5

For his part, Officer Gator has moved for summary judgment on the basis of qualified immunity as to plaintiff's federal claims. Qualified immunity is designed to protect government officials in limited circumstances: "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "This understanding of qualified immunity requires courts first to 'assess whether a statutory or constitutional right would have been violated on the facts alleged.' Only after having found a constitutional violation may a court then consider whether the right in question was clearly established at the time of the violation such that a reasonable person would have known of it." Hathaway v. Bazany, 507 F.3d 312, 320 (5th Cir. 2007) (quoting Flores v. City of Palacios, 381 F.3d 391, 395 (5th Cir. 2004)).

Whether an officer used lethal force unconstitutionally is governed by the balancing test established in Tennessee v. Garner, 471 U.S. 1, 8 (1985), the essence of which is the objective reasonableness of the officer's use of force in the face of a threat to himself or others. Rocha v. Schroeder, 283 Fed. Appx. 305, 305–306, 2008 WL 2570695, 1 (5th Cir. 2008). The inquiry for qualified immunity, however, is distinct from the excessive force

6

inquiry; "[t]he relevant immunity issue is whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier v. Katz, 533 U.S. 194, 204 (2001)). Stated another way, "in any § 1983 case alleging a police officer's use of excessive or lethal force, the objective reasonableness of the force used is a separate question from the immunity question whether no reasonable officer could have believed that [he] was not using excessive force." Id.

The Fifth Circuit has recognized that deadly force is authorized when an officer is faced with "a credible, serious threat to the physical safety of the officer" Hathaway, 507 F.3d at 320-21. "And, critically, reasonableness in these circumstances 'must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)). The question here, then, is whether Bradley posed a threat so serious as to justify a reasonable officer in Officer Gator's position to respond with deadly force. See id. In this case, plaintiff has offered no evidence to challenge the officer's version of events and she has made no attempt to show that Bradley did not, in fact, pose a significant threat of death or physical injury, or to show that a reasonable officer in

7

Officer Gator's position would not have perceived such a threat and responded with deadly force. Plaintiff has thus failed to carry her burden of proof to show that Officer Gator acted unreasonably, and he is therefore entitled to qualified immunity as to plaintiff's § 1983 claim against him.

Officer Gator contends he is also entitled to dismissal of plaintiff's state law claims against him because he was acting within the course and scope of his employment at all times relevant to plaintiff's claims against him. The Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-7(2), provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Only fraud, malice, libel, slander, defamation and criminal offenses fall outside the "course and scope" of employment and create personal liability. See Miss. Code Ann. § 11-46-5(2). The Act creates "a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." Id. at 11-46-5(3). Plaintiff's allegations herein relate to actions that occurred when Officer Gator was within the time and place of employment, and as there is no evidence of fraud, malice, libel, slander, defamation or any criminal offense, there is no basis upon which he may be held personally liable.

Plaintiff has alleged that the Hinds County deputy who initially arrested Bradley was employed by defendant G&K Services at the time of the incident.  In its motion for summary judgment, G&K argues and has presented supporting evidence that, in fact, it was not the deputy's private employer.  It contends, therefore, that it is entitled to summary judgment.  Plaintiff has offered no evidence to the contrary, and therefore, G&K's motion for summary judgment will be granted.

Based on the foregoing, it is ordered that the motions of defendants for summary judgment are granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 26th day of May, 2009.

       /s/ Tom S. Lee
      UNITED STATES DISTRICT JUDGE